UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
NEW YORK CITY & VICINITY DISTRICT :
COUNCIL OF CARPENTERS, :
:
                            Petitioner, :        16-cv-8818 (VSB)
:
               -v- :        **OPINION & ORDER**
:
A.J.S. PROJECT MANAGEMENT, :
:
                         Respondent. :
:
----------------------------------------------------------- X

Appearances:

Lydia Angela Sigelaksi
Spivak Lipton LLP
New York, New York
*Counsel for Petitioner*

Milo Silberstein
Dealy Silberstein & Braverman, LLP
New York, New York
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

       Petitioner New York City & Vicinity District Council of Carpenters ("Petitioner" or

"District Council") commenced this action against Respondent A.J.S. Project Management a/k/a

A.J.S. Project Management, Inc. ("Respondent") to confirm an arbitration award pursuant to

§ 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141, et seq.[1] (*See*

---

[1] Petitioner has also styled its petition as one brought under § 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. (*See* Doc. 1 ¶ 4.) However, I do not consider the petition under the FAA because the FAA does not apply to actions within the scope of § 301 of the LMRA. *See Santos v. Gen. Elec. Co.*, No. 10 Civ. 6948(JSR)(MHD), 2011 WL 5563544, at *8 & n.13 (S.D.N.Y. Sept. 29, 2011); *accord Westerbeke v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 222 (2d Cir. 2002) ("[T]he FAA is no longer applicable to actions to enforce arbitration awards brought pursuant to § 301 of the LMRA.").

1

Doc. 1.) For the reasons that follow, the District Council's petition is granted.

## I. **Background**

### A. *The 2015 Arbitration Award*

At all relevant times, Petitioner, a labor organization, and Respondent, an employer, were parties to a collective bargaining agreement (the "CBA").[2] (Pet. ¶ 5.)[3] According to the parties, the CBA provides for final and binding arbitration of disputes that arise between the parties and names Richard Adelman as one of two designated impartial arbitrators to hear such disputes. (*Id.* ¶ 6.) In approximately 2015, a dispute arose between the parties regarding Respondent's purported failure to (1) pay contractual contributions to the New York City District Council of Carpenters Benefit Funds (the "Funds") for work performed between July 13, 2013 and September 29, 2013 at P.S. 75 in the Bronx by certain carpenters represented by Petitioner, and (2) hire a shop steward while performing covered work at the P.S. 75 project during the same period. (*Id.* ¶ 7.)

The District Council submitted the dispute to Arbitrator Adelman (the "2015 Arbitration"). On September 8, 2015, following notice to all parties, the Arbitrator held a hearing. (Pet. ¶ 8; Op. & Award 1.)[4] Petitioner appeared at the hearing and presented evidence. (Op. & Award 1.) Respondent did not appear or seek an adjournment, despite the fact that the Arbitrator had sent timely notice of the hearing and spoken with Respondent. (*Id.*) The Arbitrator proceeded with the hearing and, "based on the evidence submitted and arguments

---

[2] The parties did not attach a copy of the CBA to any of their papers in support of or opposition to the District Council's petition.

[3] "Pet." refers to the District Council's Petition to Confirm Arbitration Award, dated November 14, 2016 (the "Petition"). (Doc. 1.)

[4] "Op. & Award" refers to the Opinion and Award of Arbitrator Richard Adelman, dated November 4, 2015 (the "2015 Arbitration Award"). (Doc. 1-1.)

2

made by [Petitioner], the Arbitrator render[ed]" the 2015 Arbitration Award. (*Id.*) The Arbitrator found that Respondent violated the CBA by failing to pay the carpenters all the benefits to which they were entitled and ordered Respondent to pay $20,563.72 to the Funds on behalf of ten individual carpenters. (Pet. ¶ 9; Op. & Award 3–4.) The Arbitrator also found that Respondent failed to hire a shop steward while Respondent was performing work on the P.S. 75 project and ordered Respondent to pay eight hours' worth of wages ($384.64) and benefits ($331.84) to the individual who should have been hired as the shop steward. (Pet. ¶ 10; Op. & Award 3–4.) The Arbitrator further ordered that the parties split the Arbitrator's fee of $2,000. (Pet. ¶ 11; Op. & Award 4.) To date, Respondent has not satisfied any of its obligations pursuant to the 2015 Arbitration Award. (Pet. ¶ 12.)

### B. *The 2016 Arbitration Award*

In 2016, the Funds commenced a separate arbitration against Respondent related to an audit and alleged delinquent fringe benefit contributions due to the Funds that the audit revealed (the "2016 Arbitration").[5] (Respt.'s Mem. 3.) The delinquent contributions concern work performed at three schools, including P.S. 75, on behalf of seventeen individuals, including the same ten individuals included in the 2015 Arbitration, for the period of June 25, 2012 through December 29, 2013. (*Id.*) Arbitration was held before Arbitrator Roger Maher. Respondent's counsel in the 2016 Arbitration was the same counsel representing Respondent in the instant action. (*See* Silberstein Decl. Ex. C.)[6] Preliminary arguments were made at a July 7, 2016 hearing, briefs were submitted on August 24, 2016, and the Arbitrator issued an opinion and

---

[5] Respondent contends that the 2016 Arbitration was commenced by Petitioner rather than the Funds. (*See* Respt.'s Mem. 3.) "Respt.'s Mem." refers to Respondent's Memorandum of Law in Opposition to Petition to Confirm Arbitration Award and in Support of Respondent's Cross-Petition to Vacate Arbitration Award, dated January 11, 2017 ("Respondent's Memorandum"). (Doc. 10.)

[6] "Silberstein Decl." refers to the Declaration of Milo Silberstein, filed in support of Respondent's Memorandum. (Doc. 11.)

3

award on October 1, 2016 (the "2016 Arbitration Award"). (Respt.'s Mem. 3.)

## II. Procedural History

On November 14, 2016, Petitioner commenced this action by filing its Petition. (Doc. 1.) On January 11, 2017, Respondent filed a memorandum of law in opposition to the Petition and in support of its cross-petition to vacate the 2015 Arbitration Award, along with the declaration of Milo Silberstein, with exhibits, in support. (Docs. 10, 11.) On March 3, 2017, Petitioner filed a memorandum of law in opposition to Respondent's cross-petition to vacate the 2015 Arbitration Award and in further support of its Petition, along with the declaration of Lydia Sigelakis in support. (Docs. 14, 15.)

## III. Legal Standard

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). A court's review of a final arbitration award under the LMRA is "very limited." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). A party moving to vacate an arbitration award "bears the burden of proof, and the showing required to defeat confirmation is high." *N.Y. Hotel & Motel Trades Council v. Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997) (citation omitted).

"Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 1:16-CV-6004-GHW, 2016 WL 7335672, at *2 (S.D.N.Y. Dec. 16, 2016) (internal quotation marks

omitted). "Because the federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of arbitration awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Local 97, Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (internal quotation marks and citation omitted). Thus, "barring exceptional circumstances—such as fraud or an arbitration decision that violates public policy—a reviewing court must confirm an arbitration award so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. A to E Inc.*, No. 16-cv-4455 (CM), 2018 WL 1737133, at *4 (S.D.N.Y. Mar. 20, 2018) (internal quotation marks omitted).

## IV. Discussion

Respondent asserts that the 2015 Arbitration Award should be vacated because it violates public policy. Specifically, Respondent argues that the 2016 Arbitration litigated the same claims as the 2015 Arbitration and that both arbitrations were commenced by the same party—Petitioner. (Respt.'s Mem. 2.) I disagree and find that Respondent has failed to demonstrate the exceptional circumstances necessary to warrant me making a determination that the award violated public policy such that I should not enforce that 2015 Arbitration Award.

After review of the documents submitted by the parties, including the 2016 Notice of Intention to Arbitrate and the Opinion and Award of Arbitrator Maher, it is evident that the 2016 Arbitration was commenced by the Funds—including the New York City District Council of Carpenters Pension Fund and the New York City District Council of Carpenters Welfare Fund, among others—rather than Petitioner New York City & Vicinity District Council of Carpenters.

5

(*See* Silberstein Decl. Ex. B (the Fund's demand to commence the 2016 Arbitration, enclosing "a copy of a Notice of Intention to Arbitrate filed by the New York City District Council of Carpenters Benefit Funds"), Ex. C (Arbitrator Maher's opinion and award listing the various funds that demanded arbitration).) To the extent Respondent contends that the Funds is the same entity as the District Council, "[t]hat is simply wrong; the [] Fund[s] is a distinct entity." *Trs. of the Hollow Metal Pension Fund v. Morris Fine Furniture Work Shops Inc.*, No. 13 Civ. 1660(PAC), 2013 WL 5912162, at *2 (S.D.N.Y. Nov. 4, 2013); *see also Sciss v. Metal Polishers Union Local 8A*, 562 F. Supp. 293, 295 (S.D.N.Y. 1983) ("The legislated separation between the unions and the funds . . . lead to the conclusion that the funds are not agents of the union.").[7] While the purpose of unions and their representatives is to engage in "collective bargaining and the adjustment of grievances," the purpose of an ERISA employee benefit fund and the duties of a trustee of such fund "are totally alien to both of these activities." *N.L.R.B. v. Amax Coal Co.*, 453 U.S. 322, 331–34, 338 (1981) (stating that "an employee benefit fund trustee is a fiduciary whose duty to the trust beneficiaries must overcome any loyalty to the interest of the party that appointed him" and that the duty of a management or union trustee "is directly antithetical to that of an agent of the appointing party").

Furthermore, based on the facts and record before me, I cannot conclude that the claims at issue in the 2015 Arbitration and the 2016 Arbitration were identical. The 2015 Arbitration

---

[7] Indeed, Petitioner explains, and Respondent does not refute, that the Funds are legally distinct from the District Council. The District Council is a labor organization as defined under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5). As a labor organization, the District Council is an organization in which "employees participate and which exists for the purpose . . . of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work." 29 U.S.C. § 152(5). The Funds, on the other hand, is comprised of separate benefit funds pursuant to § 302(c)(6) of the LMRA. They are governed by equal numbers of management and union trustees and are regulated under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). (Ptr.'s Reply 5–6.) "Ptr.'s Reply" refers to Petitioner's Memorandum of Law in Opposition to Respondent's Cross-Petition to Vacate Arbitration Award and in Further Support of Petition to Confirm Arbitration Award, dated March 3, 2017. (Doc. 14.)

involved a violation pertaining to Respondent's failure to hire a shop steward while performing certain covered work, which was not at issue in the 2016 Arbitration. Moreover, there is no indication that the delinquent contributions at issue in the 2016 Arbitration—which covered a broader timeframe and more individuals than the 2015 Arbitration—were the same as or overlapped with the unpaid contributions at issue in the 2015 Arbitration.

Lastly—to the extent that Respondent is attempting to assert res judicata or a similar claim—Respondent points to nothing in the record demonstrating that it raised the issues it now raises concerning the 2015 Arbitration Award at the 2016 Arbitration, a failure that is also fatal to its claim. *See Transit Mix Concrete Corp. v. Local Union No. 282, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 809 F.2d 963, 969–70 (2d Cir. 1987) (finding that res judicata effect of previous arbitration award was a question, at least in the first instance, for the arbitrator); *N.Y. Hotel & Motel Trades Council*, 988 F. Supp. at 770, 777–79 (foreclosing respondent's res judicata claim in LMRA confirmation action because respondent did not raise the issue before the arbitrator).

Because (1) Respondent provides no support for its assertion that the claims in both arbitrations were identical, (2) the same party did not initiate both the 2015 Arbitration and the 2016 Arbitration, and (3) Respondent failed to raise the issue of preclusion at the 2016 Arbitration, I find that the 2015 Arbitration Award does not violate public policy.[8]

---

[8] Respondent also appears to suggest that it need not abide by the 2015 Arbitration Award because it did not participate in the 2015 Arbitration. (*See* Respt.'s Mem. 2.) Respondent's argument is unsubstantiated and incorrect. *See, e.g.*, *Merch. Cash & Capital, LLC v. Jang Hwan Ko*, No. 14 Civ. 659(KPF), 2015 WL 3822836, at *4 & n.8 (S.D.N.Y. June 19, 2015) (confirming arbitration award where it was "undisputed that the parties agreed to proceed under a valid arbitration agreement, that both sides were given the opportunity to participate fully in the arbitration, and that a Final Award was issued," and finding that where the defendant was duly advised of the arbitration proceedings "[t]hat Defendant ceased participating in the arbitration after the departure of his counsel is of no moment"); *Leon Trading SA v. M.Y. Shipping Private Ltd.*, No. 10 Civ. 129(PGG), 2010 WL 2772407, at *1–4 (S.D.N.Y. July 12, 2010) (granting petition to confirm arbitration award where respondents "failed to participate in the arbitration in any fashion").

I have reviewed the record before me and find that Arbitrator Adelson's 2015 Arbitration Award was not arbitrary, did not exceed his powers, was not contrary to public policy, and provides the parties with far more than "a barely colorable justification for the outcome reached." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks omitted). Accordingly, I find that the 2015 Arbitration Award should be confirmed.

## V. Conclusion

For the foregoing reasons, the District Council's Petition to confirm the 2015 Arbitration Award, (Doc. 1), is GRANTED.

While Petitioner seeks recovery for interest and for attorneys' fees and costs, it has not provided any materials documenting the attorneys' fees and cost in support of its position. If Petitioner still intends to seek recovery for pre- or post-judgment interest and attorneys' fees and costs, it is directed to submit, within fourteen (14) days of the date of this Opinion & Order, documents establishing a factual basis for any such award. Such documents should include contemporaneous billing records documenting, for each attorney, the date, the hours expended, the nature of the work, and the total amount of fees and costs sought, including documentation of those costs.

The Clerk of Court is respectfully directed to enter judgment in favor of Petitioner and against Respondent in the amount of $22,280.20.

SO ORDERED.

Dated:    July 11, 2018
           New York, New York

*Vernon S. Broderick*
Vernon S. Broderick
United States District Judge