```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
NEW YORK CITY & VICINITY DISTRICT                           :
COUNCIL OF CARPENTERS,                                      :
                                                            :
                              Petitioner,                   :          16-cv-8818 (VSB)
                                                            :
             -v-                                            :          **OPINION & ORDER**
                                                            :
A.J.S. PROJECT MANAGEMENT,                                  :
                                                            :
                              Respondent.                   :
                                                            :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/20/2019

Appearances:

Lydia Angela Sigelakis
Spivak Lipton LLP
New York, New York
*Counsel for Petitioner*

Milo Silberstein
Dealy Silberstein & Braverman, LLP
New York, New York
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

  Petitioner New York City & Vicinity District Council of Carpenters ("Petitioner" or "District Council") commenced this action against Respondent A.J.S. Project Management a/k/a A.J.S. Project Management, Inc. ("Respondent") to confirm an arbitration award pursuant to § 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141, et seq. (*See* Doc. 1.) On July 11, 2018, I granted the District Council's petition. (Doc. 16.) Currently before me is Petitioner's request for attorneys' fees and costs incurred in connection with this action. For the reasons that follow, the District Council's request for attorneys' fees is DENIED and the request for costs is GRANTED.

## I. Background and Procedural History[1]

On November 14, 2016, the District Council commenced this action by filing its Petition. (Doc. 1.) On January 11, 2017, Respondent filed a memorandum of law in opposition to the Petition and in support of its cross-petition to vacate the 2015 arbitration award, along with the declaration of Milo Silberstein, with exhibits, in support. (Docs. 10, 11.) On March 3, 2017, Petitioner filed a memorandum of law in opposition to Respondent's cross-petition to vacate the arbitration award and in further support of its Petition, along with the declaration of Lydia Sigelakis in support. (Docs. 14, 15.) On July 11, 2018, I granted the Petition. (Doc. 16.) While the Petition also sought to recover attorneys' fees and costs associated with this action, Petitioner failed to provide any materials documenting the attorneys' fees and costs expended in support of filing the Petition. Accordingly, I instructed Petitioner to submit documents establishing a factual basis for any such award, (Doc. 16), which Petitioner timely filed on July 25, 2018, (Doc. 18).

## II. Discussion

"[I]n a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award." *Abondolo v. Jerry WWHS Co.*, 829 F. Supp. 2d 120, 130 (E.D.N.Y. 2011) (quoting *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). "Section 301 of the [LMRA] does not provide for attorney's fees in actions to confirm and enforce an arbitrator's award." *Int'l Chem. Workers Union*, 774 F.2d at 47. "Pursuant to its inherent equitable powers, however, a court may award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or

---

[1] I assume the parties' familiarity with the background of this case. For a thorough recitation of the facts, see my July 11, 2018 Opinion & Order. (Doc. 16.)

2

for oppressive reasons." *Id.* (internal quotation marks omitted). "In the context of a petition to confirm an arbitration award, an award of attorney's fees is permissible where 'the party challenging the award has refuse[d] to abide by an arbitrator's decision without justification.'" *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, No. 15-CV-9040 (RA), 2016 WL 6952345, at *4 (S.D.N.Y. Nov. 28, 2016) (quoting *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Emps. Union Local 338*, 118 F.3d 892, 898 (2d Cir. 1997)).

The District Council seeks attorneys' fees of $2,150 (for 8.6 hours of work at a rate of $250 per hour). (Sigelakis Aff. ¶¶ 3, 4.)[2] Petitioner has not asserted, and I find no reason to believe, that Respondent's counsel acted in bad faith, vexatiously, wantonly, or for oppressive reasons, nor do I find that Respondent acted in bad faith in opposing confirmation of the arbitration award. *See, e.g.*, *Abondolo*, 829 F. Supp. 2d at 130 (finding that respondent "did not act in bad faith in opposing the confirmation of the [a]rbitration [a]ward and therefore the [p]etitioners are not entitled to their attorney's fees"); *cf. Drywall Tapers & Pointers of Greater N.Y. Local Union 1974, IUPAT, AFL-CIO v. Astoria T&M Servs., Inc.*, No. 18-cv-00624 (LGS) (SDA), 2018 WL 4489288, at *2 (S.D.N.Y. Sept. 19, 2018) (finding attorneys' fees appropriate in case where petition to confirm arbitration award was uncontested); *Drywall Tapers & Pointers of Greater N.Y. Local Union 1974, IUPAT, AFL-CIO v. Visual Acoustics, LLC*, No. 17-CV-5431 (JGK)(KHP), 2018 WL 1596196, at *3 (S.D.NY. Mar. 29, 2018) (same). Accordingly, I decline to award Petitioner its attorneys' fees.

With regard to costs, recovery for filing and service of process fees are "routinely

---

[2] "Sigelakis Aff." refers to the Affidavit of Lydia Sigelakis in Support of Application for Attorneys' Fees and Costs, filed on July 25, 2018. (Doc. 18.)

permitted." *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 16-1115-GHW, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (collecting cases); *see also Abondolo*, 829 F. Supp. 2d at 130 (noting that "[c]ourts routinely make awards for costs . . . in confirmation proceedings" (internal quotation marks omitted)). This is consistent with the general principle that, in most civil suits, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

Petitioner seeks costs of $520.46, including a $400 filing fee, $92 in process server fees, and $28.46 in UPS fees. (Sigelakis Aff. ¶¶ 3–4; Sigelakis Aff. Ex. 2.) Given that such costs are "routinely permitted," *Plaza Constr. Grp.*, 2016 WL 3951187, at *2, I find Petitioner's request for costs to be reasonable.

### III. Conclusion

For the foregoing reasons, Petitioner's application for attorneys' fees in the amount of $2,150 is DENIED and Petitioner's request for costs in the amount of $520.46 is GRANTED.

SO ORDERED.

Dated: May 20, 2019
New York, New York

Vernon S. Broderick
United States District Judge

4